[Civ. No. 5271. First Appellate District, Division Two.—December 28, 1925.]

## LOUIS EPSTEIN, Appellant, v. MEYER GRADOWITZ et al., Respondents.

[1] APPEAL—ALTERNATIVE METHOD—REGULARITY OF PROCEDURE—PRESUMPTION.—Where the record on appeal prepared under the alternative method does not disclose the date upon which the notice of entry of judgment was served, the appellate court must presume that the proceeding before that court is regular and that the request to the clerk to prepare the transcript was filed in time.

[2] FINDINGS — CONFLICT — JUDGMENT — EVIDENCE. — Where immaterial conflicts occur in the findings, and the judgment is supported by findings which are abundantly sustained by the evidence, the other findings will be disregarded.

[3] PROMISSORY NOTES — AGREEMENT TO SURRENDER — RETENTION OF PHYSICAL POSSESSION—EQUITY.—Where the payee of a promissory note agrees to surrender and deliver same to the makers, the mere accident that said payee retains physical possession of the note cannot alter the rights of the parties, if there are no innocent holders involved.

[4] ID.—CONSIDERATION FOR AGREEMENT TO SURRENDER—EQUITY—SECTIONS 1541 AND 3203, CIVIL CODE, INAPPLICABLE.—Where the payee

---

1. See 2 Cal. Jur. 629.
2. See 24 Cal. Jur. 1000.

of a promissory note agrees to surrender and deliver same to the makers, upon consideration of being released from payment of certain debts for which the payee and the makers are jointly liable, and when asked to surrender the note he apparently makes an attempt to find it and states that he cannot find it and that it was lost, he will be held to do the thing which he agreed to do, and for which he accepted a valuable consideration, and he may not thereafter invoke the aid of sections 1541 and 3203 of the Civil Code in aid of an action by him upon said note.

---

(1) 4 **C. J.**, p. 795, n. 93, 94.   (2) 4 **C. J.**, p. 1057, n. 85.   (3) 21 **C. J.**, p. 200, n. 11, p. 204, n. 62 New.   (4) 8 **C. J.**, p. 616, n. 71 New; 38 **Cyc.**, p. 1970, n. 3, p. 1983, n. 67, p. 1987, n. 88.

APPEAL from a judgment of the Superior Court of Los Angeles County. Benjamin F. Warmer, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

E. F. Gerecht for Appellant.

Max Rapaport, J. Everett Brown and Edward Winterer for Respondents.

LANGDON, P. J.—This appeal is by the plaintiff from a judgment against him in an action upon a promissory note.

[1] The respondent objects to consideration of the appeal, stating that the request to the clerk for clerk's and reporter's transcript was filed too late. This notice was dated and filed December 1, 1922. The record shows that the judgment was entered August 15, 1922. There is nothing in the record to indicate the date upon which plaintiff was served with notice of entry of judgment. Section 953a of the Code of Civil Procedure provides that the notice to the clerk requesting transcript must be filed within ten days after *notice* of entry of judgment. Because there is nothing in the record to disclose the contrary, we must presume that the proceeding before us is regular and that the request to the clerk was filed in time. (See. 1963, Code Civ. Proc.)

The plaintiff brought an action upon a promissory note for $2,450, executed and delivered by the defendants. The

defendants answered, setting up that there was no consideration for the note; that there was a complete failure of consideration for the same; that plaintiff is not the legal owner and holder thereof, and that said note should have been returned to the defendants. Defendant Meyer Gradowitz set up a separate and affirmative defense and with relation to the facts therein alleged the court found: That the plaintiff and defendant Meyer Gradowitz were copartners in a wholesale produce business from January, 1921, to September, 1921, under the firm name of Gradowitz & Epstein; that said Gradowitz had invested $1,169.40 in said business and executed the note in dispute to equalize his interest in the business with that of his partner; that in September, 1921, the said business was indebted $4,300 and plaintiff sold his interest therein to one Cohn, who became a partner with Gradowitz under the firm name of Gradowitz & Cohn; that at the time of said sale, plaintiff canceled the note in dispute and agreed to deliver it to said Gradowitz and that said Gradowitz and Cohn agreed to pay and did pay the debts of the former partnership in the sum of $4,300 and that plaintiff failed and neglected to return to Gradowitz the note.

A large part of the argument made for reversal of the judgment grows out of the fact that the findings of the court were made by reference to paragraphs of the pleadings. This is always an unsatisfactory method of drawing findings, and inaccuracies and conflicts are frequent when such method is adopted. It was found that certain paragraphs of the complaint and of the answers of the different defendants and of the amended answer and of the separate defenses were true. As alternative defenses were set up in the answers, the findings present some conflicts and obscurities. However, appellant cannot avail himself of these matters. [2] Where immaterial conflicts occur in the findings, and the judgment is supported by findings which are abundantly sustained by the evidence, the others will be disregarded. (*Butler* v. *Delafield,* 1 Cal. App. 367, 372 [82 Pac. 260]; *Wheat* v. *Bank of California,* 119 Cal. 4, 7 [50 Pac. 842, 51 Pac. 47].) All of the findings in the instant case are in favor of the defendants. The court practically found that every defense set up against the note was true. Some of these defenses were alleged in

the alternative and negative some of the others. However, appellant is not injured by this inconsistency, because if any of the defenses against the note are sustained by the evidence, the judgment is proper. [3] This court may accept the finding that plaintiff is not the holder of the promissory note, but that said note is the property of defendants. That is in consonance with the detailed finding hereinbefore quoted that by agreement of the parties, said note was to be surrendered and delivered to defendants. The mere accident that plaintiff retained physical possession of the note cannot alter the rights of the parties. There are no innocent holders involved and equity will regard that as done which should have been done. If plaintiff neglected to deliver the note to defendants after agreeing to do so, he cannot take advantage of that fact.

Plaintiff meets this situation by invoking the aid of sections 3203 and 1541 of the Civil Code. We fail to see how either section changes the determination of this action. The former section relates to the discharge of a negotiable instrument and provides that a renunciation must be in writing, unless the instrument is delivered up to the person primarily liable thereon. The latter section provides that an obligation is extinguished by a release therefrom given to the debtor by the creditor, upon a new consideration, or in writing, with or without a new consideration.

[4] With reference to section 3203, respondent urges first that the instrument involved here is not negotiable, because of its peculiar wording. We are not called upon to decide this point, however. The answer of defendant Meyer Gradowitz alleged, and his testimony was to the effect, that plaintiff agreed to surrender the note upon consideration of being released from payment of the partnership debts and that when asked to do so, he, apparently, made an attempt to find the note and stated that he could not find it and that it was lost. Under well-established principles, in such a situation, plaintiff will be held to do the thing which he agreed to do, and for which he accepted a valuable consideration. For the same reason section 1541 is inapplicable. Plaintiff agreed to release defendants from the obligation of the note and this agreement carries with it an obligation to do everything necessary to accomplish the result, legally. It was an agreement made upon

a new consideration, i. e., that plaintiff be released from the partnership debts. Because the plaintiff did not perform his agreement, does not render the agreement void. Appellant loses sight of the controlling fact that defendants' affirmative defense in this action is, in effect, a proceeding to compel plaintiff to keep his agreement to surrender and cancel the note after having accepted and enjoyed the consideration for such agreement.

There are a number of alternative matters urged by appellant, but we think the foregoing disposes of the appeal and that further discussion of the record is unnecessary. There are conflicts in the evidence, of course; but we are concerned only with the portion of the record which supports the judgment.

The judgment is affirmed.

Sturtevant, J., and Nourse, J., concurred.