[S. F. No. 15677. In Bank.—May 13, 1937.]

F. L. BAIRD, Respondent, v. ALEJANDRO OCEQUEDA et al., Appellants.

Hutchinson & Green and J. Albert Hutchinson for Appellants.

James T. O'Keefe, James T. O'Keefe, Jr., and Alfred J. Harwood for Respondent.

THE COURT.—Defendants appeal from a decree foreclosing a materialman's lien in the sum of $1332.97, including interest and costs. We shall not undertake to separately state and discuss all of the contentions urged on appeal. They run the gamut of objections. Defendants challenge the existence of any lien, the amount of the lien, the timeliness of the filing of the claim of lien, the sufficiency of the complaint to state a cause of action, the propriety of an order permitting amendment of the complaint, the propriety of asserted inconsistent allegations of the complaint as amended, the asserted inconsistency between the claim of lien and the allegations of the complaint, the propriety of the orders of the trial court overruling defendants' demurrer to the complaint and denying their motion for nonsuit, the sufficiency of the evidence to support any lien or, at least, a lien in the amount found by the trial court, the sufficiency and consis-

tency of the findings to support the judgment, the sufficiency of the findings to support the conclusions of law, and the propriety of the judgment.

Our examination of the transcript discloses nothing that requires a reversal of the judgment. The evidence is indisputable that plaintiff furnished materials used in the construction of defendants' home for which the lien was given and foreclosed. His testimony and his accounts support a lien in the amount decreed by the trial court. Plaintiff's explanation of the purpose and disposition made of a certain fund procured by defendants upon the execution of a trust deed in favor of a third party, satisfied the court below that the portion of said fund which came into plaintiff's hands was intended to be used and actually was employed to pay artisans and to discharge a balance for materials furnished by plaintiff prior to the furnishing of the materials for which judgment was given. To insure priority of said trust deed and thus aid defendants in procuring financial assistance, plaintiff merely guaranteed the lender against liens being filed by others. In view of this, there is no merit in the contention that plaintiff had waived or abandoned his lien and was satisfied to look to this special fund for payment of the materials for which the lien was foreclosed.

It appears that the last item of material was furnished by plaintiff on May 21, 1932. The building was not completed until early in July, 1932, and no notice of completion or cessation of labor was recorded by defendants. The claim of lien was recorded on August 16, 1932, less than ninety days after the furnishing of the last item of material and slightly in excess of one month after the completion of the building. The claim of lien was therefore filed within time. (Sec. 1187, Code Civ. Proc.) In passing, it should be mentioned that the claim of lien sufficiently met the requirements of the statute in that it contained a statement of the demand, the name of the owner, a general statement of the kind of materials furnished, and to whom furnished, and a description of the property. This is adequate under the authorities. The complaint, filed within a month after the filing of the claim of lien, generally refers to the same matters and by reference incorporates the claim of lien, which was admitted in evidence without objection.

■ The claim of lien and the complaint as originally filed alleged that the materials were furnished for the "contract price" therein mentioned. Upon the conclusion of the trial, the court below permitted plaintiff to amend his complaint to also allege the "reasonable value" of materials furnished. Contrary to defendants' contention, this did not constitute the substitution of a new and different cause of action. It merely represents a different statement of the same cause of action, viz., a cause of action to foreclose a materialman's lien and it was within the discretion of the trial court to permit the amendment. (*Cox* v. *McLaughlin*, 76 Cal. 60 [18 Pac. 100, 9 Am. St. Rep. 164]; *Merchants Collection Agency* v. *Gopcevic*, 23 Cal. App. 216 [137 Pac. 609].)

■ The trial court found all of the allegations of the complaint as amended to be true. Defendants urge that the effect of this is to permit plaintiff to recover on asserted inconsistent theories of express and implied contract. Even if this be conceded, it is not fatal to the judgment. Examination of the record discloses that there is evidence to support a recovery on either theory. This being so, the findings on the inconsistent theory may be disregarded as surplusage. (*Epstein* v. *Gradowitz*, 76 Cal. App. 29, 31 [243 Pac. 877].)

■ It is immaterial that the claim of lien is based solely on an express contract for under section 1187, *supra*, as it now reads, it is not necessary for the lien claimant to state in the claim of lien "the terms, time given and conditions of his contract". The quoted provision has been deleted from the section for many years and cases decided under the law as it formerly read are not in point.

From what has been said, it follows that we entertain no doubt as to the propriety of the orders overruling the demurrer to the complaint and denying defendants' motion for a nonsuit. Other points urged for a reversal have been examined and found devoid of merit. They do not call for discussion here.

The judgment is affirmed.