[Civ. No. 7835.   Third Dist.   Feb. 20, 1951.]

HAZEL McNEIL, Appellant, v. TONY GARCIA, Respondent.

H. E. Gleason for Appellant.

Landram & Silveira for Respondent.

PEEK, J.—This is an appeal by plaintiff from a judgment arising out of an action for dissolution of a partnership between plaintiff and defendant, and for an accounting.

In April, 1947, plaintiff and defendant entered into a partnership to operate a tavern in the city of Merced. Differences arose over financial matters and in October, 1947, plaintiff instituted this action. The business was placed in the hands of a receiver, who operated it until January 16, 1948, when upon the stipulation of the parties the court discharged the receiver and turned the operation of the business over to defendant. Defendant continued to operate the business under the supervision of the court until April 18, 1948, when by another stipulation of the parties the partnership was dissolved and a referee was appointed to make an accounting. Three days thereafter defendant purchased plaintiff's share of the business. Plaintiff filed objections to the report of the referee and the cause proceeded to trial. The court, basing its findings on the report of the referee, concluded that plaintiff's share of the profits of the business was $6,485.81, of which plaintiff had already withdrawn $5,646.47, and entered judgment accordingly.

Plaintiff's contention on appeal is that the court's finding as to the net profits of the business is incorrect; that a substantial portion of the proceeds from sales of merchandise was not reported in the books of the firm, and that the finding that large sums were appropriated by Garcia supports her contention that the referee's report does not truly reflect the financial condition of the business.

█ It is the settled law in this state that an inference which might be drawn from a given finding cannot be allowed to stand as against a specific finding to the contrary of the inference. (*Jacks* v. *Deering,* 150 Cal. 272, 275 [88 P. 909].) █ Furthermore, immaterial conflicts in the findings will be disregarded where the judgment is supported by other findings abundantly sustained by the evidence. (*Epstein* v. *Gradowitz,* 76 Cal.App. 29, 31 [243 P. 877].) █ The judgment finds further support in that a finding of fact, if it is supported by

442

substantial evidence, will not be disturbed on appeal (*Tupman* v. *Haberkern,* 208 Cal. 256 [280 P. 970]), and since in the present case there is substantial evidence to support the findings of the trial court, the judgment must be affirmed.

The judgment is affirmed.

Adams, P. J., and Van Dyke, J., concurred.