[L. A. No. 22445.   In Bank.   Dec. 1, 1953.]

LEONARD MARTINEZ, Respondent, v. JULIAN MAR-
TINEZ, Appellant.

George W. Trammell for Appellant.

Alfred Einstein, V. Lustig, Stead & Boileau and Charles Stead for Respondent.

GIBSON, C. J.—This action was brought to reform a written contract for the sale of a ship supply business so as to include a covenant by defendant seller not to re-engage in that business in San Diego County and for injunctive relief. Judgment was entered for plaintiff, and defendant appealed.

Defendant was engaged at Long Beach and San Diego in furnishing supplies to ships, and he employed plaintiff, his younger brother, to work for him in San Diego. Plaintiff offered to buy the San Diego branch of the business, and defendant agreed to sell it and not to re-enter the same business in that locality. Thereafter defendant presented a written agreement which provided for the sale of the business "including the good will" but did not contain any provision restricting him from resuming his operations in San Diego County. Plaintiff, who did not understand legal terminology, asked to be shown the provision preventing defendant from re-engaging in the business, and defendant stated that the good will provision meant that he was through with San Diego and would not come back there to work. The agreement was then signed, and about a year later defendant renewed his operations in San Diego. At the trial he denied that he made any representation to plaintiff as to the meaning of the good will provision and stated that he knew that it would not prevent him from operating in the San Diego area.

There is sufficient evidence to support the finding that the covenant not to re-engage in business was omitted from the written agreement by mutual mistake of the parties. The further finding that the covenant was omitted by reason of fraud on the part of defendant is likewise supported by

the evidence. While it is true that these findings are inconsistent because they involve different mental attitudes on defendant's part, the inconsistency is immaterial since there is sufficient evidence to support a judgment for plaintiff on either theory. Accordingly, the finding on the theory of fraud may be disregarded as surplusage. (*Baird* v. *Ocequeda,* 8 Cal.2d 700, 703 [67 P.2d 1055]; *Epstein* v. *Gradowitz,* 76 Cal.App. 29, 31-32 [243 P. 877].)

■ Although there was testimony that defendant agreed never to re-engage in the business in San Diego County and represented that the written contract so provided, the court properly limited the duration of the covenant by providing that it should continue so long as plaintiff or any person deriving title to the good will from him should carry on a like business in San Diego County, that being the period permitted by sections 16600 and 16601 of the Business and Professions Code.* (*Gregory* v. *Spieker,* 110 Cal. 150, 153-154 [42 P. 576, 52 Am.St.Rep. 70]; see *Mahlstedt* v. *Fugit,* 79 Cal.App.2d 562, 566-567 [180 P.2d 777].)

■ With respect to defendant's solicitation of plaintiff's customers, the finding that all the allegations in the complaint are true is too broad if taken as a finding that defendant solicited "each" of the customers of plaintiff in San Diego County. No evidence relating to solicitation was introduced at the trial, but defendant's answer admitted solicitation of some of the customers. Insofar as the finding goes beyond the admission, it must be disregarded. (*Cf. Williams* v. *Silverstein,* 213 Cal. 269 [2 P.2d 165]; *Sacre* v. *Chalupnik,* 188 Cal. 386, 390 [205 P. 449]; *Bradbury* v. *Cronise,* 46 Cal. 287, 288; see 24 Cal.Jur. 953.)

■ It is possible to construe the judgment as restraining defendant from operating his business in Long Beach, whereas the agreement was restricted in scope to San Diego County. The judgment, of course, should not be broader than the

---

*Business and Professions Code, section 16600, provides: "Contracts void. Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."

Business and Professions Code, section 16601, provides: "Exceptions: Sale of good will or corporate shares. Any person who sells the good will of a business, or any shareholder of a corporation selling or otherwise disposing of all his shares in said corporation, may agree with the buyer to refrain from carrying on a similar business within a specified county or counties, city or cities, or a part thereof, in which the business so sold, or that of said corporation, has been carried on, so long as the buyer, or any person deriving title to the good will or shares from him, carries on a like business therein."

agreement. Accordingly, paragraph 3 of the judgment is modified to read as follows: "3. That the defendant Julian Martinez be and he is hereby enjoined and restrained from either directly or indirectly carrying on or conducting in San Diego County a ship supply business similar to the business heretofore sold by him to the plaintiff and now conducted by the plaintiff in San Diego County, so long as the plaintiff Leonard Martinez or any person deriving title to the good will of said business from him carries on the same."

The judgment sets out the agreement in full as modified by the addition of the covenant not to compete. By what obviously was a clerical error, paragraph 4 of the contract relating to the time for payment of installments omits the words "each and every month thereafter until the 15th day of," and both parties agree that the quoted words should be restored. The second sentence of paragraph 4 of the contract, as set forth in paragraph 2 of the judgment, is therefore modified to read as follows: "Said purchase price shall be paid in installments of $100.00 or more on the 15th day of February, 1949, and of $100.00 or more on the 15th day of each and every month thereafter until the 15th day of February, 1954, on which last mentioned date the entire balance of principal and interest then unpaid shall become due and payable."

The judgment, as so modified, is affirmed. Plaintiff to recover his costs on appeal.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.