[Civ. No. 4871.   Fourth Dist.   Sept. 29, 1954.]

MAY K. METCALF, Appellant, v. FREDERICK HENRY HECKER, Respondent.

FRANK MILES FLINT, Appellant, v. FREDERICK HENRY HECKER, Respondent.

Freda B. Walbrecht, Leslie R. Tarr, Holbrook, Tarr & O'Neill and Holbrook, Tarr, Carter & O'Neill for Appellants.

William J. Cusack for Respondent.

MUSSELL, J.—In these actions, which were consolidated for trial, plaintiffs seek to establish a constructive trust and to quiet title to real property in San Diego County. Judgment was rendered that plaintiffs recover nothing against the defendant Frederick Henry Hecker and quieting title in him to the real property involved. Both plaintiffs appeal from the judgment.

On June 14, 1923, Elizabeth Metcalf was the owner of approximately 400 acres of land in San Diego county, including the 80 acres here involved, which is described as the east one-half of the northwest one-quarter of Section 28, Township 12 South, Range 4 West, S.B.B. & M. Elizabeth Metcalf's four children, to wit, Anna Hecker, Marie Lamb, Albert Metcalf and John Metcalf, each acquired an undivided one-fourth interest in the property involved by deeds dated June 14 and 15, 1923. Anna Hecker, wife of defendant Hecker, died in 1931, and by the terms of her will devised her one-fourth interest in the property in trust. Plaintiff May Metcalf and her two daughters were named as beneficiaries of income up to $200 per month and any excess income was to be paid to defendant Hecker, who was named as trustee. A decree of distribution was entered in the Anna Hecker estate in 1938 pursuant to which defendant Hecker assumed his duties as trustee and acted as such until June 19, 1950, at which time his resignation was accepted by the court and a successor trustee appointed. On October 21, 1951, John Metcalf and

his wife deeded the undivided one-fourth interest involved in the Flint suit to Frank Miles Flint, one of the plaintiffs herein.

Defendant Hecker's record title is based on a tax deed, dated October 31, 1944. The taxes on the land involved became delinquent and the property was sold and deeded to the state in 1932. Apparently the one-fourth interests in the property were separately assessed in 1933 and thereafter. The state leased the entire property to John H. Metcalf for the years 1940-1944 and the interests described in the leases were defined therein as undivided one-fourth interests. As trustee, defendant Hecker paid the taxes on the trust's one-fourth interest and this interest was placed on the five-year plan. On October 31, 1944, three undivided one-fourth interests in the property involved were sold by the tax collector to the defendant F. H. Hecker and the state's deed to him was recorded July 29, 1946. On November 10, 1947, defendant Hecker, as trustee under the will of Anna Hecker as to an undivided one-fourth interest and individually as to an undivided three-fourths interest, entered into a written lease with one Carroll R. Kelly as lessee covering the 80 acres involved. Since that date Kelly has continually occupied and farmed the premises, paying three-fourths of the rental to Hecker individually and one-fourth to the Anna Hecker trust.

Plaintiffs first contend that a constructive trust arose when defendant Hecker purchased the plaintiffs' interest at the tax sale.

John Metcalf testified that prior to the tax sale in 1944, defendant Hecker came to his office and stated that he had received a notice from the San Diego tax office that the 80 acres involved was going to be put up for sale and that he would go down and see about it, that he "would go down and do whatever was necessary for the Metcalfs and handle the matter and take care of it" and that he was acting as trustee and not for himself. However, defendant Hecker testified that he told Metcalf that he was going to buy the property for himself; that he informed May Metcalf shortly after she acquired her interest in 1945 that he owned a three-fourths interest in the 80 acres. The trial court evidently believed the testimony of defendant Hecker in this connection and resolved this conflict in the evidence in his favor. The one-fourth interest of the trust was not sold at the tax sale and defendant Hecker, individually, was not a cotenant with plaintiffs or any of them. He was at liberty to buy the property for himself

since it was sold at public sale and this he in fact did, as the deed to him from the state shows.

Plaintiff May Metcalf alleged in her complaint, filed April 1, 1953, that on June 19, 1950, she discovered that defendant Hecker was claiming her interest in the property and plaintiff Flint alleged that his predecessor in interest first discovered that Hecker was claiming the property as his own in June or July, 1950. However, the trial court found that May Metcalf and Flint's predecessor in interest knew of the claim of defendant in 1947 and this finding is sufficiently supported by evidence that escrow instructions pertaining to the sale of this property, signed by the Metcalfs on February 21, 1947, contained the following provision: "It is understood that the purchaser is taking the property subject to a tax claim of F. H. Hecker covering 80 acres described as the East Half of the North West ¼ of Section 28, Township 12 South, Range 4 West"; that in a pleading filed in the Anna Hecker trust, made in 1947 by May Metcalf and her children, their attorneys being John N. Metcalf and Victor P. Showers, it is alleged that Hecker had a three-fourths interest in the property put up for sale and purchased the same; that in a partition action filed in 1947 by May Metcalf, Albert E. Metcalf and John N. Metcalf as plaintiffs versus Hecker individually and as trustee, Hecker alleged in his answer that he claimed said three-fourths interest individually.

The trial court found that plaintiffs demanded that Hecker convey to them the undivided one-fourth interests in said property and offered to pay the amounts paid by him as taxes on said property; that said demands and offers were made by plaintiff Flint in December, 1952, and by plaintiff Metcalf in 1953, prior to the filing of her complaint. It was also found by the trial court that for more than five years prior to the filing of these actions the undivided one-fourth interest in said land claimed by plaintiff May Metcalf and the undivided one-fourth interest therein claimed by Frank Miles Flint has been owned, occupied, improved and cultivated by defendant Frederick Henry Hecker and his tenant openly, and adversely to plaintiffs and their predecessors in interest. There is substantial evidence supporting this finding and the court's conclusions that plaintiffs' causes of action, if any, are barred by the provisions of subdivision 4 of section 338 of the Code of Civil Procedure and by the provisions of sections 318, 322 and 343 of said code. In this connection

plaintiffs contend that the statute did not commence to run until 1949 by reason of numerous conferences which were had with a view of working out an amicable settlement of all differences between all Metcalfs and Hecker. However, there is no evidence that an agreement was reached between the parties or that defendant Hecker waived any of his rights under his tax deed.

Plaintiffs attack many of the findings of the trial court as contrary to and not supported by the evidence. ■ Findings of a court are to receive such a construction as will uphold, rather than defeat its judgment thereon, and are to be read and construed together and liberally construed in support of the judgment. ■ It is also the rule that if findings are made upon issues which determine the cause, other issues become immaterial and a failure to find thereon does not constitute prejudicial error. (*Chamberlain* v. *Abeles*, 88 Cal. App.2d 291, 300 [198 P.2d 927].) In the instant case the findings of the trial court that defendant Hecker does not hold an undivided one-fourth interest or any interest in the property involved in trust for the plaintiffs or either of them, that the plaintiffs are not entitled to possession of the interests purchased by defendant Hecker at the tax sale, and the findings relative to adverse possession, are findings upon issues which determine the cause before us.

■ Appellants have presented to this court an application to produce additional evidence consisting of copies of the records in the offices of the county auditor and controller of San Diego County relating to the real property involved. The trial court advised counsel at the trial that the data sought in this connection could be obtained by telephoning the official in charge of such records and it does not appear that appellants were prevented from introducing them at the trial. Attached to the application are exhibits consisting of certificates of the county auditor and controller purporting to show taxes paid and unpaid on the 80 acres involved. The additional evidence sought to be introduced is not in our opinion sufficient to require a reversal of the judgment, and the application is denied.

Judgment affirmed.

Griffin, Acting P. J., concurred.

A petition for a rehearing was denied October 27, 1954, and appellants' petition for a hearing by the Supreme Court was denied November 24, 1954.