[Civ. No. 24810. Second Dist., Div. Two. Feb. 24, 1961.]

HERBERT L. CARLTON et al., Appellants, v. DANIEL C. CASTRANOVA et al., Respondents.

410

Musick, Peeler & Garrett and Bruce E. Clark for Appellants.

Hendler & Sacks and Jack R. Berger for Respondents.

ASHBURN, J.—From a judgment in favor of defendants after a nonjury trial, in an action to have defendants declared trustees of certain corporate stock, plaintiffs appeal.

All parties except defendant Cavanaugh are physicians and he is a professional hospital administrator. They joined together in a project to establish a hospital. Each paid $12,500 toward the purchase of the land and loaned money to a corporation formed by them (Castranova and Robone being treated as one unit). Pursuant to permit, 125 shares of stock in the corporation were issued to each of the five participants in exchange for loans previously made by them. Later, defendants Depper, Castranova and Robone purchased defendant Cavanaugh's stock, thus obtaining control of the corporation. Plaintiffs, Carlton and Dubrin, brought this action to have 62½ shares of the Cavanaugh stock purchased by the other defendants decreed to be held by the purchasers as trustees for plaintiffs because bought in violation of an agreement that each participant "would be entitled to maintain his relative position of ownership in the original corporation, namely, Woodland Park Enterprises, and in any other corporation which might be subsequently formed relating to the same undertaking, and in the event any participant desired to sell his stock or interest he would first offer it to the remaining members of the association in proportion to their relative

ownership interest." It is claimed by appellants that such an oral understanding existed between the parties at the inception of the project, and that a written agreement was later executed by all parties except Cavanaugh containing a provision to this effect. It is alleged that "each of the parties signing said agreement agreed to be bound by its terms and provisions, whether or not CAVANAUGH subsequently executed the same. At the same meeting, namely, October 3, 1957, it was duly moved, seconded and unanimously resolved that the provisions of the written agreement attached hereto, marked Exhibit A, would be placed on the face of all stock certificates of the corporation."

The trial court found "that at said time, it was the intention of those parties then signing said document that each and all of them would not be bound thereby unless and until the defendant CAVANAUGH signed the said document." Also: "That it is not true that there was an effective agreement by and between the parties to this action, either oral or written, restricting the sale or the purchase of the corporate stock of WOODLAND PARK ENTERPRISES, INC." Further: "That it is not true that on October 3, 1957, or at any other time, a resolution was passed to the effect that the provisions of the alleged agreement . . . or any restrictions would be placed on the face of all the stock certificates of the WOODLAND PARK ENTERPRISES, INC."

The trial court also found: "That it is not true that the defendants ROBONE, CASTRONOVA, CAVANAUGH and DEPPER, or any of them, conspired to commit any of the wrongful acts as alleged in the First Amended Complaint, nor committed any wrongful act whatsoever." "That it is not true that the defendant, CAVANAUGH, is estopped by his conduct, or otherwise, to deny that he is bound by the terms and provisions of any alleged written or oral agreement of the parties pertaining to the stock of the WOODLAND PARK ENTERPRISES, INC."

Appellants make no contention that the above findings are unsupported by the evidence. "In the absence of a specification of insufficiency of evidence to sustain the finding, it must be considered as binding and as warranted by the evidence adduced at the trial. [Citations.]" (*Los Angeles etc. Land Co.* v. *Marr,* 187 Cal. 126, 130 [200 P. 1051].) See also *Philbrook* v. *Randall,* 195 Cal. 95, 104-105 [231 P. 739]; *Title G. & T. Co.* v. *Fraternal Finance Co.,* 220 Cal. 362, 363 [30 P.2d 515]; *People* ex rel. *Department of Public Works* v.

*McCullough,* 100 Cal.App.2d 101, 106 [223 P.2d 37] ; Witkin, California Procedure, volume 3, section 150, pages 2332-2333; 4 California Jurisprudence 2d section 480, pages 309-310.

There is no evidence that the articles or by-laws of the corporation contained any restrictions upon the right to transfer shares, and the above findings establish that there was no such agreement between the parties. There was, therefore, no impediment to the transfer of these shares by Cavanaugh (see *Ryder* v. *Bamberger,* 172 Cal. 791, 806 [158 P. 753]; *Bennett* v. *Hibernia Bank,* 47 Cal.2d 540, 551-552 [305 P.2d 20] ; 12 Cal.Jur.2d § 145, p, 714), and the quoted findings are determinative of the controversy.

It is contended by appellants that there is no substantial evidence to support the finding ''that during the period beginning with the latter part of December, 1957 up to March 15, 1958, the plaintiffs, CARLTON and DUBRIN, either individually or in concert, made several attempts to obtain control of WOODLAND PARK ENTERPRISES, INC., either by purchasing the stock of defendants, CAVANAUGH or DEPPER, or by means of a voting trust.'' And an attack is made upon these conclusions of law : ''That, among other reasons, the plaintiffs and each of them should be and are denied any relief by reason of their inequitable and wrongful conduct with respect to the subject matter of this cause. . . . That, among other reasons, the plaintiffs, and each of them, should be and are denied any relief by reason of their laches and reliance thereon by the defendants, to their detriment, as alleged in the answer on file herein.'' In this connection, the further contention is made that this finding and these conclusions are inconsistent with the prior finding that no agreement existed which restricted the transfer of the stock, it being appellants' position that the findings of inequitable conduct on the part of appellants ''are necessarily predicated upon the existence of an agreement that any retiring member must first offer his interest to the remaining members and conversely would permit the remaining members to purchase only in accordance with their existing interest.''

Although some inconsistency may be present, such inconsistency is immaterial where there is sufficient evidence to support the judgment on either theory ; in such case the findings on the inconsistent theory may be disregarded as surplusage. (See *Baird* v. *Ocequeda,* 8 Cal.2d 700, 703 [67 P.2d 1055] ; *Martinez* v. *Martinez,* 41 Cal.2d 704, 705-706 [263 P.2d 617].) The rule is otherwise where one part of the contradic-

tory findings would support the judgment and another part would necessarily upset it (*Learned* v. *Castle,* 78 Cal. 454, 460 [18 P. 872, 21 P. 11]), but such is not the case here. We deem it unnecessary to determine whether the findings and conclusions based upon the equitable defenses raised by the defendants are supported. Assuming, *arguendo,* that they are not, the material issue raised by the pleadings remains—and that is whether or not there existed a contract between the parties which restricted the transfer of stock. The court's statement in *Epstein* v. *Gradowitz,* 76 Cal.App. 29, 31-32 [243 P. 877] is pertinent: "As alternative defenses were set up in the answers, the findings present some conflicts and obscurities. However, appellant cannot avail himself of these matters. Where immaterial conflicts occur in the findings, and the judgment is supported by findings which are abundantly sustained by the evidence, the others will be disregarded. [Citations.] All of the findings in the instant case are in favor of the defendants. The court practically found that every defense set up against the note was true. Some of these defenses were alleged in the alternative and negative some of the others. However, appellant is not injured by this inconsistency, because if any of the defenses against the note are sustained by the evidence the judgment is proper." In *American National Bank* v. *Donnellan,* 170 Cal. 9 [148 P. 188, Ann. Cas. 1917C 744], it was contended that certain findings were uncertain and contradictory. The court says, page 15: "To both of these contentions it may be answered, first, in general terms, that it is only when a judgment rests upon some particular finding for its validity and support that the lack of sufficient evidence to support such finding, or the contradictoriness between two findings, treating of the same essential matter, will necessitate a reversal of the case. Or, in other words, however unsupported, however lame, however inclusive, any number of the findings may be, if in any case there be one clear, sustained and sufficient finding upon which the judgment may rest, every presumption being in favor of the judgment, it will be here concluded that the court did rest its judgment upon that finding, or those findings, and the others may and will be disregarded. (*Thayer* v. *Tyler,* 169 Cal. 671, [147 P. 979].)" (To the same effect: *Mershon Co.* v. *Pachmayr,* 88 Cal.App.2d 901, 904 [199 P.2d 687]; *McNeil* v. *Garcia,* 102 Cal.App.2d 440, 441 [227 P.2d 545]; *Horney* v. *Horney,* 118 Cal.App.2d 679, 682 [258 P.2d 555]; *Logan* v. *Forster,* 114 Cal.App.2d 587, 602 [250 P.2d 730]; *Martinelli*

v. *Luis,* 213 Cal. 183, 185 [1 P.2d 980]; *Brewer* v. *Simpson,* 53 Cal.2d 567, 584 [2 Cal.Rptr. 609, 349 P.2d 289].) In the instant case the findings first hereinabove quoted concerning the nonexistence of a contract restricting the transfer of the stock are in and of themselves entirely sufficient to support the judgment.

It is claimed that the finding that there was no "effective agreement by and between the parties to this action, either oral or written" is uncertain because of the use of the word "effective." Appellants state: ". . . it cannot be ascertained whether the court has found that there were no oral understandings prior to Mr. Greenwald's effort to reduce them to writing or whether they were unenforceable because of uncertainty or some other reason." The word "effective" means "in force; in effect" (Ballentine, Law Dictionary, p. 423); "in actual operation" (Webster's International Dictionary, 2d ed., p. 819). See also *People* v. *Kiser,* 112 Cal.App.2d Supp. 903, 905 [245 P.2d 1125]; 28 Corpus Juris Secundum, page 839.

Findings are to be liberally construed and are to receive such a construction as will uphold, rather than defeat the judgment. (*Metcalf* v. *Hecker,* 127 Cal.App.2d 634, 638 [274 P.2d 188]; *Aguirre* v. *Fish & Game Com.,* 151 Cal.App. 2d 469, 474 [311 P.2d 903]; 4 Cal.Jur.2d § 571, p. 444.) "They will be construed with reference to the issues raised by the pleadings." (48 Cal.Jur.2d § 314, p. 317.) "Findings are sufficient if the truth or falsity of each material allegation not admitted can be demonstrated therefrom or 'if they can be made certain, either by reference to the pleadings or the record.'" (*Bourke* v. *Frisk,* 92 Cal.App.2d 23, 32 [206 P.2d 407].) In the light of these rules, it cannot be said that any uncertainty exists in the finding in question. It can only mean that there was no agreement of any kind by which a participant in the project, desiring to sell his stock, was bound to first offer it to the remaining members of the association.

We have carefully considered other points raised by appellants and find that they are devoid of merit.

The judgment is affirmed.

Fox, P. J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied April 19, 1961.