[Civ. No. 25932. Second Dist., Div. Three. Nov. 19, 1962.]

JESS E. METCALF, Plaintiff and Respondent, v. LETHA L. METCALF, a Conservatee, etc., Defendant and Appellant.

Guy E. Ward, Moore & Trinkaus and Charles A. Druten for Defendant and Appellant.

Mitchell & Mitchell, Mitchell, Mitchell & Bateman and James H. Mitchell for Plaintiff and Respondent.

FORD, J.—The defendant and cross-complainant, Letha L. Metcalf, has appealed from that portion of an interlocutory judgment of divorce which embodies the determination by the court of the community and separate property rights of the parties. The sole contention is that the findings of fact do not support that portion of the judgment wherein it was adjudged that property of a value of $1,600,000 was the sole and separate property of the plaintiff and cross-defendant, Jess E. Metcalf.

The pertinent findings of fact were as follows (emphasis being added with respect to parts thereof) : ". . . at the time of their marriage on April 15, 1949, Jess E. Metcalf and Letha L. Metcalf each owned and possessed substantial property which was then the separate property of each of them respectively; *substantially all of the property so owned and possessed by Letha L. Metcalf was delivered over by her to Jess E. Metcalf and by him commingled with his separate property and with community property of the said parties and it has*

*been impossible to trace the property so commingled into specific property now owned or held;* . . . and Jess E. Metcalf and Letha Metcalf orally agreed after their marriage that the separate property aforementioned of Letha L. Metcalf would be pooled with *certain* separate property of Jess E. Metcalf and that the *pooled properties thereafter would be owned and held by them as community property;* . . . The aggregate net value of all the property of Jess E. Metcalf and Letha L. Metcalf at this time is $3,500,000 and the same is composed of both separate and community property; the home of the parties . . ., together with the furniture and furnishings thereof, is community property having the value of $250,000.00; the balance of the community property, exclusive of the home and furniture and furnishings thereof, is of the present net value of $1,650,000.00; the property held or controlled by the conservator of the estate of Letha L. Metcalf is her separate property; and the separate property of Jess E. Metcalf is of the net value of $1,650,000.00.'' Under the interlocutory judgment each party was awarded an equal share of the property found to be community property, Mrs. Metcalf receiving as part of her share the home and its furniture and furnishings.

The governing substantive law is clear. ▮ Separate property may be changed into community property by agreement of the husband and wife. *(Woods* v. *Security-First National Bank,* 46 Cal.2d 697, 701 [299 P.2d 657]; *Mears* v. *Mears,* 180 Cal.App.2d 484, 499 [4 Cal.Rptr. 618]; *Kenney* v. *Kenney,* 128 Cal.App.2d 128, 135 [274 P.2d 951].) ▮ Even without agreement, separate property may acquire the character of community property by the process of commingling property in such a manner as to make segregation impossible. *(Grolemund* v. *Cafferata,* 17 Cal.2d 679, 683 [111 P.2d 641]; *Mears* v. *Mears, supra,* 180 Cal.App.2d 484, 499; *Kenney* v. *Kenney, supra,* 128 Cal.App.2d 128, 135; *Thomasset* v. *Thomasset,* 122 Cal.App.2d 116, 124 [264 P.2d 626]; *Falk* v. *Falk,* 48 Cal.App.2d 762, 767 [120 P.2d 714].)

The argument presented on behalf of Mrs. Metcalf that the findings of fact were such as to require the trial court to determine that all of the property of the spouses was community property is expressed in part as follows: ''It found that the separate property of both was commingled with community property and that it was impossible to trace the source from which their present property was derived. It further found that the parties agreed to pool their separate properties and thereafter hold them as community property. Both findings

conflict with the erroneous conclusion awarding separate property of the value of $1,600,000.00 to the husband."

 In the examination of the findings of fact in the light of the argument made, guidance is found in the well-established rule that the findings are to be read together and are to be liberally construed so as to uphold rather than defeat the judgment. *(Carlton* v. *Castranova,* 189 Cal.App.2d 409, 414 [11 Cal.Reptr. 258] ; *En Taik Ha* v. *Kang,* 187 Cal.App.2d 84, 92 [9 Cal.Rptr. 425] ; *Banner Metals, Inc.* v. *Lockwood,* 178 Cal. App.2d 643, 655 [3 Cal.Rptr. 421] ; *Medina* v. *Brown,* 172 Cal. App.2d 208, 212 [342 P.2d 353] ; *Arsenian* v. *Meketarian,* 138 Cal.App.2d 627, 633 [292 P.2d 293].) A reasonable construction of the findings of fact is that the Metcalfs agreed that substantially all of Mrs. Metcalf's property should be pooled or commingled with "certain," *but not all,* of Mr. Metcalf's separate property, which pooled or commingled property should thereafter have the character of community property, and that Mrs. Metcalf's separate property was commingled with separate property of Mr. Metcalf and with community property in accordance with their agreement. While it is clear that the findings relate to substantially all of Mrs. Metcalf's separate property, the relevant findings disclose, when read as a whole in accordance with the applicable law, that it was not the intention of the trial court to find that *all* of Mr. Metcalf's separate property was subjected to a process of commingling by agreement or acts of the parties. A fair interpretation of the language used is that while Mrs. Metcalf's separate property could no longer be traced, some of Mr. Metcalf's separate property was not subject to the agreement and could be traced and identified. Consequently, the findings of fact support rather than preclude the determination that there was certain property which was Mr. Metcalf's separate property.

Since Mrs. Metcalf's sole contention relates to the matter of the sufficiency of the findings of fact to support the judgment and does not embrace a claim that the evidence is insufficient to sustain the findings in whole or in part, a review of the evidence is unnecessary. (See *Carlton* v. *Castranova, supra,* 189 Cal.App.2d 409, 411.)

The judgment is affirmed.

Shinn, P. J., and Files, J., concurred.

A petition for a rehearing was denied December 7, 1962, and appellant's petition for a hearing by the Supreme Court was denied January 16, 1963.