512

JOHN P. STRUTZEL et al., Respondents, v. G. N. WIL-
LIAMS, as Trustee, etc., et al., Defendants; WILBERT
C. HAMILTON, Appellant.

Wilbert C. Hamilton in pro. per., S. Y. Allen and J. D. Willard for Appellant.

Martin, Hahn & Camusi and William P. Camusi for Respondents.

McCOMB, J.—Wilbert C. Hamilton, hereinafter referred to as defendant, appeals from an adverse judgment after trial before the court without a jury in an action to recover upon a common count for money had and received, predicated upon the theory that plaintiffs' money was obtained by defendant through false representations.

*Facts:* The record being viewed in the light most favorable to plaintiffs (respondents) (*Estate of Isenberg,* 63 Cal.App.2d 214, 216 [146 P.2d 424]) discloses that plaintiffs Strutzel and Cioffi were partners engaged in the metal parts business. Their partnership agreement had been prepared by defendant Williams who maintained his law office next to defendant Hamilton's. Plaintiffs were referred to defendant by Mr. Williams for the purpose of collecting a note which was due them. Defendant settled plaintiffs' case for $6,500.

On January 30, 1947, at the time plaintiffs went to defendant's office to complete the settlement of their case, he told them he had made a great deal of money in the last three or four months by making investments through a commodity broker, William E. Brunson. He stated Mr. Brunson was a very honorable and honest commodity broker and that defendant had amassed a quarter of a million dollars but did not desire to handle commodities any longer and was going to turn the deal over to defendant Williams. He suggested that plaintiffs see Mr. Williams for the purpose of "getting in on it" and "making a lot of money quick."

The fact was that at the time defendant made such representations defendant Brunson had been convicted of grand theft and placed on probation for 10 years, one of the terms of which forbade him to handle other people's money. Likewise defendant did not disclose the fact to plaintiffs that he was to receive 7½ per cent of all profits from moneys invested with defendant Williams.

Relying on the foregoing representations plaintiff Cioffi invested $3,500, of which only $268.89 was returned to him; plaintiff Jack Strutzel invested $2,000, of which he received in return only $149.53; and J. J. Strutzel invested $1,000 of which only $78.58 was returned. The balance of the funds was misappropriated and embezzled.

■ *Questions:* First: *Was there substantial evidence to sustain the court's finding that defendant made false and fraudulent representations to plaintiffs upon which they relied?*

*Yes.* Defendant stated as a fact to plaintiffs John Strutzel and Anthony Cioffi that defendant Brunson was an honorable and honest commodity broker. As a matter of fact at the time he made such statement Mr. Brunson was on probation for grand theft. One of the conditions of his probation was that he could not handle moneys belonging to other people.

There were two misrepresentations in defendant's statement: (1) That Mr. Brunson was honest and honorable and (2) that he was a commodity broker. Therefore since they were false and plaintiffs relied upon them to their detriment substantial evidence supports the judgment against defendant.

■ One material misstatement of fact is sufficient to sustain a judgment to recover money paid pursuant to such representation. (*Beeman* v. *Richardson,* 185 Cal. 280, 281 [1] [196 P. 774].)

Second: *Did the trial court make findings that plaintiffs invested money in reliance upon representations made by defendant?*

*Yes.* Finding XXVI reads in part as follows:

". . . That both B. N. Williams and Wilbert C. Hamilton, by false and fraudulent misrepresentations to their clients Anthony Cioffi and John P. Strutzel, caused the said Cioffi and Strutzel to invest their moneys and the moneys of plaintiff J. J. Strutzel, all as above described, in a plan or scheme in which both defendants G. N. Williams and Hamilton had a financial interest and in which both were to share in profits to be earned. . . ."

Also findings V, VI, VII, XIV and XV specifically find that plaintiffs invested their money on the basis of misrepresentations made by both defendants Williams and Hamilton.

■ Third: *Was defendant Hamilton liable even though the money was not paid directly to him?*

*Yes.* It is established that where several persons enter into a conspiracy to defraud, each member of the conspiracy is

liable for the amount of money obtained from plaintiff even though he may not have received it directly. (*Fink* v. *Weisman*, 129 Cal.App. 305, 317 [18 P.2d 961].)

■ Fourth: *Was defendant liable to plaintiff J. J. Strutzel although the representations were not made by defendant to him?*

*Yes.* The evidence disclosed the representations which defendant made to plaintiffs John P. Strutzel and Cioffi were intended by him to be repeated to others for the purpose of securing additional investors.

The rule is established that representations made to one person with intention that they will be repeated to another and acted upon by him and which are repeated and acted upon to his injury gives the person so acting the same right to relief as if the representations had been made to him directly. (*Crystal Pier Amusement Co.* v. *Cannan*, 219 Cal. 184, 188 [2] [25 P.2d 839].)

Fifth: *Since there was substantial evidence to sustain the judgment as to one count in the complaint did the trial court commit prejudicial error relative to other counts?*

■ When the evidence discloses that one party has money which in good conscience he should pay to another, the injured party may maintain an action for money had and received. (*Zeller* v. *Knapp*, 115 Cal.App. 486, 489 [3] [1 P.2d 1071].) In the present case as shown above the evidence disclosed that defendant through his false representations had induced plaintiffs to part with their money; therefore he should be required to return it to them. This evidence sustained a judgment on the common count for money had and received.

■ It is established that where the evidence sustains the findings of fact as to one count in a complaint which in turn supports the judgment, errors with reference to other counts will not be considered by an appellate court. (*Martin* v. *Los Angeles Turf Club, Inc.*, 39 Cal.App.2d 338, 349 [11] [103 P.2d 188].) Therefore we do not consider alleged errors pertaining to other counts in the complaint since, even though defendant's position might be well taken, it would not change the result.

Affirmed.

Moore, P. J., concurred.

A petition for a rehearing was denied March 28, 1952, and appellant's petition for a hearing by the Supreme Court was denied April 28, 1952.