[Civ. No. 27833. Second Dist., Div. One. June 10, 1964.]

DONNA JOHNSTON FOWLER, Plaintiff and Respondent, v. VINCENT C. FOWLER, Defendant and Appellant.

Roland Maxwell, Paul H. Marston and Richard W. Olson for Defendant and Appellant.

Ward & Boberick and Cecil L. Whitehead for Plaintiff and Respondent.

LILLIE, J.—While suit for annulment of her marriage to him was still pending, plaintiff brought this action to establish a constructive trust in certain real property owned by defendant to the extent of monies advanced by her (prior to their marriage) to remove an encumbrance thereon and to make improvements on the same premises. She also sought damages for fraud in the sum of $13,946.36, the total of the various amounts advanced; in a third count she alleged that defendant was indebted to her for monies had and received in the above total sum. The trial court, after adopting find-

ings of fact and conclusions of law substantially supporting the several allegations in each cause of action, gave plaintiff a money judgment. Defendant appeals.

Prior to the parties' marriage in November of 1960, and it is so admitted by the pleadings, monies were paid out by plaintiff toward the improvement of the home occupied by defendant; it is also without dispute that the real property thus improved was defendant's separate property and that the sums paid for such improvements were the separate property of plaintiff. It was plaintiff's contention that these expenditures resulted from an oral agreement with defendant to place title to the property in joint tenancy, and that defendant fraudulently entered into said agreement without any intention of performing his end of the bargain. Defendant denied any fraud on his part, claiming that the expenditures by plaintiff were made voluntarily and without any request or solicitation by him.

Citing *Martinez* v. *Martinez*, 41 Cal.2d 704, 706 [263 P.2d 617], defendant asserts that since plaintiff sought relief on three inconsistent theories, the judgment appealed from cannot stand unless the evidence supports a recovery on each of these theories. According to defendant, it does not do so; he specifically contends (1) that the judgment is not supported by the findings, and (2) that the findings are not supported by the evidence. As a subsidiary point, defendant also claims that proof of his alleged fraud was not sufficiently established.

Contrary to defendant's suggestion, none of the remedies sought is inconsistent with the facts pleaded or contrary to prevailing law. ▉ As to plaintiff's first cause of action, "The theory of a constructive trust was adopted by equity as a remedy to compel one to restore property to which he is not justly entitled, to another. The person holding the property may have acquired it through fraud, undue influence, breach of trust, or in any other improper manner. ..." (*Bainbridge* v. *Stoner*, 16 Cal.2d 423, 428 [106 P.2d 423].) ▉ As to the second cause of action, the same case holds that "he is usually personally liable in damages for his acts" although "the one whose property has been taken from him is not relegated to a personal claim against the wrongdoer. ..." (*Supra*, at p. 428.) ▉ As to the third cause of action, where the evidence discloses that a defendant through false representations has induced the plaintiff to part with his money, a judgment on the common count for money had and received will be upheld. (*Strutzel*

v. *Williams,* 109 Cal.App.2d 512, 515 [240 P.2d 988].)
 The plaintiff, however, cannot have a judgment declaring the defendant to be a constructive trustee *and* a personal judgment for money invested in the subject property. (*Title Ins. & Trust Co.* v. *Ingersol,* 158 Cal. 474, 480-481 [111 P. 360].) A money judgment, as mentioned previously, was the course followed by the trial court in the instant case.

The facts at bar are not without historical precedent. When plaintiff met defendant, she was a widow of substantial means—she testified that her yearly income from various holdings approximated $20,000. Defendant, on the other hand, had no income of any kind, and his sole assets thereafter consisted of his ownership of the Pasadena home which he eventually purchased with funds acquired mainly from the estate of a deceased aunt and, as alleged in the complaint, with monies given him by plaintiff. Defendant admitted a previous felony conviction (grand theft) although this fact was made known to plaintiff prior to the parties' engagement. Plaintiff testified that in August of 1960, she advanced defendant $2,250 for the purpose of a down payment on the house; this was repaid by defendant in two installments. In October of that year, while she was in Oregon, defendant phoned her and stated he needed more money to finance the property's purchase. Upon her return to California, she gave him her check dated October 11, 1960, for $7,150, the sum he had asked for. According to plaintiff, the following conversation was had at that time: "I said, 'This is a lot of money and it's going to take practically all the money I have out of this account,' and he said, 'Well, I will fix it up when we are married,' I said, 'What do you mean, put the house in both names?,' and he said, 'Yes.' "

About three weeks later, defendant told plaintiff that he wanted to install a dishwasher, a new sink and a new water heater, adding: "This is to be our home. I want it fixed up nice." She gave him her check for $500, the sum he said he needed for the above improvements. Subsequently, plaintiff gave defendant various sums, all represented by checks, on the following dates and for the following purposes: November 7, 1960, purchase of stove—$300; November 7, 1960, installation of air conditioning system—$1,200; November 14, 1960, purchase of drapes—$200; November 14, 1960, wallpaper purchase—$12.48; January 24, 1961, purchase of drapes (breakfast room)—$57.50; February 2, 1961, construction of swimming pool—$3,000; February 17, 1961,

breakfast room drapes—$16.54; March 8, 1961, also for swimming pool—$500; May 15, 1961, deposited in parties' joint account—$1,000.

As to the trust theory of recovery (plaintiff's first cause of action), the findings of the court were made by reference to certain paragraphs of the complaint, the allegations in which were found to be true. Plaintiff alleged an oral promise by defendant to transfer the property's title, together with improvements, to the parties as joint tenants and that she relied upon his representations as her fiancé, friend and business adviser; it was further alleged that defendant did not intend to perform any of his undertakings. ■ A constructive trust arises and will be enforced upon the repudiation of an oral promise to convey. (*Steinberger* v. *Steinberger,* 60 Cal. App.2d 116, 120-121 [140 P.2d 31].) ■ "In such trusts, based upon fraud or wrongdoing, an oral promise is sufficient and the existence or absence of a confidential relationship between the parties, in the strict sense, is not controlling." (*Rankin* v. *Satir,* 75 Cal.App.2d 691, 695 [171 P.2d 78].) ■ Since there is substantial evidence to support defendant's repudiation of his commitments,[1] the existence or otherwise of a confidential relationship becomes immaterial.

■ Defendant's criticism of the findings is directed not so much to plaintiff's right to some relief under the theory pleaded (the first assignment of error) as it is to the absence of evidence to support certain items necessarily included in such findings by virtue of the way in which they were drawn. The drawing of findings by reference to paragraphs has not infrequently been criticized as unsatisfactory. Inaccuracies and conflicts result—and this is such a case. Thus, defendant properly points out that the trial court found, by reference to pertinent allegations in the complaint, that money was advanced by plaintiff to remove an "encumbrance" upon the subject premises, whereas plaintiff testified that the sum of $7,150 was given to defendant to "make a balance payment on the house." It seems to us, however, that the inaccuracy is merely one of terminology; too, the *Martinez* case (*supra,* 41 Cal.2d 704), upon which defendant relies, declares that the evidence must be sufficient to support *a* judgment, not *the* judgment, upon each theory of recovery. The evidence sup-

---

[1] In addition to inferences fairly deducible from defendant's conduct, plaintiff was directly told by defendant in August of 1961: "I had no intention of signing this house over to you or to anybody else. I never did have any intention of it."

ports a judgment at bar upon the theory of a constructive trust whether the money was to remove an encumbrance or to make the final payment (as stated by plaintiff).

As to certain of the remaining items making up the total expenditure of $13,946.36 ''toward improving said property'' as alleged in the first count of the complaint, defendant argues that they could not possibly be classified as improvements to the realty because they were personal property. ██ He specifically mentions the stove, drapes, wallpaper and the sum of $1,000 which plaintiff deposited to the parties' joint account. No evidence was taken which would throw any light on the question as to whether the first three items were or were not fixtures; in the absence of such evidence, there is a presumption that they belong to the owner of the land (22 Cal.Jur.2d 326-327). As to the last of the above items, however, there is likewise no evidence concerning the expenditure of the sum in question, at least by defendant. Plaintiff had the burden of proof in that regard, and she did not meet such burden. ██ Where ''the existence of an essential fact upon which a party relies is left in doubt or uncertainty, the party upon whom the burden rests to establish that fact should suffer, and not his adversary.'' (*Reese* v. *Smith,* 9 Cal.2d 324, 328 [70 P.2d 933].) ██ But, for reasons already mentioned, the above deficiency of proof does not serve to defeat plaintiff's claim to relief as to the several other items consisting of both real and personal property, under the trust theory alleged in the first count of the complaint. ██ Evidence to prove an oral trust of personalty (as well as realty) must be clear and convincing, and it is for the trial court to decide whether plaintiff's proof belongs in the above category. (*Fahrney* v. *Wilson,* 180 Cal. App.2d 694, 697 [4 Cal.Rptr. 670].) ██ Too, his admitted conviction of a felony made suspect defendant's denials of plaintiff's claims respecting the parties' several business transactions.[2]

The second count of the complaint asked damages for fraud, and the court's findings as to the truth of the material allegations were again by paragraph reference. An examination of the pleading discloses the presence of all essential averments: that the several promises were specifically made; that they were made with intent to deceive and to defraud;

[2]Respondent's brief would have been of greater assistance to this court if less attention had been given to laboring this obvious truism and more attention devoted to other matters.

that plaintiff relied on defendant's promises; and that she was damaged in the sum of $13,946.36, the total amount she expended in reliance thereon. "A promise made without any intention of performing it" constitutes actual fraud. (Civ. Code, § 1572, subd. 4.) Defendant argues that the only proof of any promises by him related to the expenditure of $7,150; that the evidence in this regard was "weak, uncertain and conflicting"; and that the subsequent payments by plaintiff (used for improvements) were separate transactions, as to each of which the proof of his asserted fraud (§ 1572, subd. 4, *supra*) was lacking. When he asked for money to install the dishwasher, defendant stated that he wanted the parties' home "fixed up nice." The court could reasonably infer that plaintiff's subsequent expenditures were accepted by him under the same general scheme or plan. The court could also have concluded that each subsequent expenditure was "one of a series of successive transactions closely following each other in time and part of a comprehensive plan for mulcting [an] innocent perso[n]." (*Evans* v. *Gibson,* 220 Cal. 476, 482 [31 P.2d 389].) While it is true, as defendant asserts, that fraud is odious and is never presumed, the resolution of this factual matter was for the trial court. The evidence amply establishes actual fraud within the purview of the governing statute.

 With respect to damages, once a person wilfully deceives another with intent to induce him to alter his position to his injury, he "is liable for any damage which he thereby suffers." (Civ. Code, § 1709.) The sums paid to defendant were definite as to time and amount. Since it has been established that plaintiff was fraudulently induced to spend such sums for purposes never fulfilled, defendant has made himself liable therefore with one exception. As to the item of $1;000 deposited to the parties' joint account, the same infirmity of proof exists. The money judgment under this count must be modified to except the above sum from the damages awarded.

Finally, there is the third cause of action for monies had and received. As to this remedy, and the sustainability of the judgment thereunder, defendant's brief is completely silent. With the exception of the item ($1,000) mentioned in the preceding paragraph, the following from *Strutzel* v. *Williams, supra,* 109 Cal.App.2d 512, 515, is apposite: "In the present case as shown above the evidence disclosed that defendant through his false representations had induced plaintiff to part with [her] money; therefore he

should be required to return it to [her]. This evidence sustained a judgment on the common count for money had and received.''

The cause is remanded to the trial court with instructions to modify the findings of fact, conclusions of law and judgement in conformity with the views herein expressed. As so modified, the judgment is affirmed; plaintiff-respondent will recover costs on appeal.

Fourt, Acting P. J., and Kincaid, J. pro tem.,* concurred.

*Retired judge of the superior court sitting pro tempore under assignment by the Chairman of the Judicial Council.