[Civ. No. 33828.  Second Dist., Div. Five.  Jan. 28, 1970.]

R. D. REEDER LATHING CO., INC., Plaintiff and Appellant, v.
CYPRESS INSURANCE COMPANY et al., Defendants and Respondents.

996

COUNSEL

Mantalica, Barclay & Teegarden and Lewis C. Teegarden for Plaintiff and Appellant.

McConnell & Cramoline and Carl G. Cramoline for Defendants and Respondents.

## Opinion

**STEPHENS, J.**—Plaintiff appeals from an order of dismissal entered after defendants' demurrer was sustained without leave to amend.

Plaintiff's complaint alleged the following facts:

Defendant John Sutherland, the agent and employee of defendant Cypress Insurance Company, intending to deceive plaintiff and induce it to take out a policy of workmen's compensation insurance with defendant insurance company, falsely and fraudulently represented to plaintiff that at the end of the insurance year the defendant insurance company would rebate to plaintiff all of the premiums paid by plaintiff during the year October 1, 1965, through September 30, 1966, less 32 percent thereof for administration costs and less incurred losses. At the time defendant Sutherland made these representations, he was an experienced insurance agent and knew the provisions of the laws of the State of California relating to insurance. He knew that an agreement to refund premiums based on any formula other than a participating dividend payable out of surplus and based on defendant insurance company's overall experience on workmen's compensation policies during the policy year after adequate provision had been made for all losses, loss expenses, reserves, taxes and other charges was in violation of law and not permitted by the provisions of the Insurance Code of the State of California.[1]

---

[1] The applicable Insurance Code sections read as follows:

Section 750: "An insurer, insurance agent, broker, or solicitor, personally or by any other party, shall not offer or pay, directly or indirectly, as an inducement to insurance on any subject-matter in this State, any rebate of the whole or part of the premium payable on an insurance contract, or of the agent's or broker's commission thereon, and such rebate is an unlawful rebate."

Section 751: "An insurer, or any insurance agent, broker, or solicitor, personally or otherwise, shall not offer or pay, directly or indirectly, as an inducement to enter into an insurance contract, any valuable consideration which is not clearly specified, promised or provided for in the policy, or application for the insurance, and any such consideration not appearing in the policy is an unlawful rebate."

Section 752: "Any person named as the insured in any policy or named as the principal, or obligee, in any surety policy or the agent or representative of any such person who, directly or indirectly, knowingly accepts or receives any unlawful rebate is guilty of a misdemeanor."

Section 763: "The following acts are not unlawful rebates:

"(a) The return by an insurer issuing policies on a participating plan, or [of] any portion of the premium as a dividend after the expiration of the term covered by such policy."

Section 11736: "An insurer shall not issue, renew or continue in force any workmen's compensation insurance under a law of this State at premium rates which are less than the rates approved or issued by the commissioner. The effective date of such rates shall be the date fixed by the commissioner."

Section 11738: "Nothing in this article shall affect the right of any insurer to issue

Defendant Sutherland also knew, and plaintiff did not, and had no way of knowing, that circular #307 issued by the California Inspection Rating Bureau provided that no policy would be approved which by either its original terms, or any endorsement or amendment, letter or otherwise, agreed upon a specified overhead expense for the purpose of dividend computation. During the year October 1, 1964, through September 30, 1965, and for three years prior thereto plaintiff was insured under workmen's compensation insurance policies issued by Pacific Employers Insurance Company. Plaintiff believed and relied upon the representations of defendant Sutherland and was thus induced to take out a policy of workmen's compensation insurance with defendant insurance company and paid insurance premiums in the amount of $14,760.62.

The president of the corporate plaintiff, to whom the representations were made, is a lathing contractor, ignorant of the provisions of law relating to insurance, and, because of defendant Sutherland's superior knowledge, relied on the latter's representations. Except for these representations, plaintiff would have continued to obtain insurance from Pacific Employers Insurance Company. After October 1, 1966, defendant insurance company paid plaintiff a participating dividend of $2,509.31. If defendant Sutherland's representations had been true, plaintiff's participating dividend would have been $8,590.22. Had plaintiff remained with Pacific Employers Insurance Company for the year October 1, 1965, through September 30, 1966, it would have received a participating dividend of $6,333.78. Plaintiff therefore sought the sum of $3,824.47, the difference between what it did receive from defendant insurance company and what it would have received from Pacific Employers Insurance Company, plus $20,000 in exemplary damages.

In sustaining defendants' demurrer without leave to amend, the court below indicated that it relied heavily upon the case of *Key System Transit Lines* v. *Pacific Employers Ins. Co.,* 52 Cal.2d 800 [345 P.2d 257], cited by defendants. In that case the plaintiff sought to reform a policy of workmen's compensation insurance in accordance with representations of the company and then enforce that contract as reformed. In the case of *Contractor's Safety Assn.* v. *California Comp. Insurance Co.,* 48 Cal.2d 71 [307 P.2d 626], also cited by defendants, the plaintiff sued on a policy of

compensation participating policies. A refund by reason of a participating provision in a compensation policy shall not be made to policyholders by any insurer except from surplus accumulated from premiums on workmen's compensation policies issued pursuant to laws of this State governing workmen's compensation insurance."

"Participating" refers to the right to share in earnings and does not refer to the price paid for insurance. Where a dividend agreement is not one to share profits, the dividend cannot be said to be "participating." (*Contractor's Safety Assn.* v. *California Comp. Insurance Co.,* 48 Cal.2d 71 [307 P.2d 626].)

workmen's compensation insurance and sought the difference between what it would have received had the defendant performed in accordance with representations and the amount it did receive. In each case the court determined that plaintiffs were seeking to recover illegal rebates, and recovery was denied.

Neither of these decisions is applicable to the instant case. Plaintiff is not seeking to enforce an illegal contract, but rather to recover damages suffered when defendants fraudulently induced it to enter into the illegal transaction. If plaintiff were suing upon the illegal contract, it would be asking for the sum of $6,080.91, the difference between what it received and what defendant insurance company was obligated to pay under the contract. Instead, it seeks to recover, in damages, the difference between what it did receive and what it would have received had it not been fraudulently induced to cancel its coverage with Pacific Employers Insurance Company and insure with defendant insurance company. In the cases cited by defendants, the plaintiffs had suffered no damage apart from their failure to receive the promised illegal rebates. The court's statement in the *Contractor's Safety Assn.* case is instructive: "The third count though phrased in the language of fraud is clearly based upon breach of contract. The injury thus complained of is the refusal of the defendant to perform the contract. No compensatory damages are sought because of the alleged fraud." (48 Cal.2d 71 at p. 77.)

■ Since plaintiff's complaint sounds in tort rather than contract, its sufficiency must be tested by the general rules of tort law. So tested, it adequately states a cause of action for fraud and deceit. ■ A plaintiff may recover for fraud when he shows that by reason of a defendant's misrepresentations he has sustained some pecuniary damage or injury by reason of having been put in a position worse than he would have occupied had there been no fraud. (*Fowler* v. *Fowler,* 227 Cal.App.2d 741 [39 Cal.Rptr. 101].) ■ A right of action accrues when a person is induced to enter into a contract by means of fraudulent misrepresentations. (37 C.J.S., Fraud, § 41; see also, *Pickens* v. *American Mortgage Exchange,* 269 Cal.App.2d 299 [74 Cal.Rptr. 788].)

■ Contrary to defendants' argument, the purposes of Insurance Code sections 750, 751 and 752, prohibiting illegal rebates, would not be just as clearly frustrated if recovery were permitted on a theory of fraud as they would if recovery were allowed on the basis of breach of contract. As indicated, plaintiff is not seeking to recover what was promised it under the contract. To permit it to recover under its fraud action would not in substance or effect enforce the terms of the original illegal agreement. (Cf. *Del Rey Realty Co.* v. *Fourl,* 44 Cal.App.2d 399 [112 P.2d 649].)

Rather, by imposing damages upon defendants, the sales argument by insurance companies of what to them are known to be illegal rebate plans to attract new customers would be discouraged. The purposes of the law would be served rather than frustrated.

The judgment is reversed.

Kaus, P. J., and Reppy, J., concurred.