[Civ. No. 25836. Second Dist., Div. Three. Aug. 16, 1962.]

MONOLITH PORTLAND CEMENT COMPANY, Plaintiff and Appellant, v. MAX TENDLER, et al., Defendants and Respondents.

Joseph T. Enright, Norman Elliott and Bill B. Betz for Plaintiff and Appellant.

Thomas P. Cruce for Defendants and Respondents.

SHINN, P. J.—The appeal by Monolith is from a judgment dismissing the action upon motion of defendants for failure of the amended complaint to state a cause of action. The plaintiffs in the complaint were Monolith, H. H. Wheeler, Margaret M. Willis and Elizabeth Rogers. In the amended complaint, H. H. Wheeler was not named as a plaintiff but was named as a defendant together with Max Tendler, Elizabeth Tendler and Realty Title Company, Ltd. The plaintiffs other than Monolith appeared in propria persona.

The complaint alleged the following material facts. On March 15, 1957, pursuant to an agreement between them that they would purchase certain real property in Los Angeles County from Max Tendler and Elizabeth Tendler, Margaret M. Willis and Elizabeth L. Rogers entered into an agreement with the Tendlers to purchase the property for the sum of $122,000. An escrow had been previously commenced with Realty Title Company for the purchase of the property by Charles J. Rogers and the instructions were amended by substituting Mrs. Willis as purchaser in the place of Mr. Rogers. A trust deed had been prepared for the Rogers to sign which stated their address to be 1157 West Avenue J-15, Lancaster, California, which was their address at the time. When it was arranged that Mrs. Willis would become the purchaser another deed of trust was prepared by Tendler for execution by Mrs. Willis which stated that notices to Mrs. Willis would be mailed by the trustee to the Lancaster address of Mr. and Mrs. Rogers. The Tendlers executed a deed to Mrs. Willis and she executed a note and a trust deed for the purchase price. She also conveyed a half interest in the property to Mrs. Rogers,

subject to the encumbrance. At that time the residence address of Mrs. Willis and her husband was 4250 Encinas Drive, La Canada; the business address of Mr. Willis was Box 2248, Van Nuys, California, which facts were then known to Tendler and Realty Title Company.

The purchase price of $122,000 was payable $967 April 23, 1957, and $1,000 per month commencing May 23, 1957. Mrs. Willis was obligated to pay all taxes on the property as they fell due.

Certain portions of the property were sold and released from the trust deed, the moneys received being paid to Tendler. Mrs. Willis borrowed sums from H. H. Wheeler and executed in his favor a second trust deed on the property. While payments under the trust deed were in default Tendler agreed not to declare a default for payments up to May 23, 1958, in consideration of reduced payments to be made. These payments were made by Wheeler in the total amount of $6,500. The total payments made to Tendler amounted to $42,770 and money was expended in preparing the property for subdivision in the amount of $23,121.87. Mrs. Willis defaulted in payment of taxes on the property from the time of her purchase and a payment of installment of principal and interest due June 1, 1958, and an installment due June 23, 1958. On July 25, 1958, the Tendlers delivered to Realty Title Company their declaration of default and request for sale of the property, there being unpaid at that time the sum of $97,229.85. Notice of default was duly recorded and a notice was mailed to Mrs. Willis to the address, 1157 West Avenue J-15, Lancaster; the communication was returned undelivered marked ''unknown''; no other notice was sent to Mrs. Willis. The sale was had December 5, 1958, and the property was bid in by the Tendlers. Mrs. Willis and Mrs. Rogers had no knowledge of the declaration of default and sale until some time in January 1959.

It was alleged that on or about June 30, 1958, Yale O. Willis, husband of Mrs. Willis, and Charles J. Rogers, husband of Elizabeth Rogers, were authorized and instructed by Mr. Wheeler to communicate to Max Tendler ''. . . an offer to pay in full any and all sums due and owing under the promissory note and deed of trust to the Tendlers''; the offer was communicated to Tendler and refused by him. Mr. Wheeler did not make a formal tender of payment to Tendler for the reason that he had been informed by Mr. Rogers that Tendler had acted as his (Rogers') attorney.

On November 19, 1957, Monolith sued Mr. and Mrs. Willis and others and caused an attachment to be levied on the property in question standing in the name of Mrs. Willis, and also recorded a notice of *lis pendens*; January 8, 1959, Monolith obtained a judgment against the defendants in the action for the sum of $44,517.53 and interest.[1] On January 23, 1959, Monolith caused to be recorded a request for notice with respect to the trust deed pursuant to section 2924b, Civil Code.

It was alleged further that during all the transactions Tendler was the attorney of Rogers in other matters and stood in a confidential relationship toward Mr. and Mrs. Rogers and Mr. and Mrs. Willis. It was alleged that they relied upon Tendler to protect their interests in the preparation of documents; he knew and Realty Title Company knew that Mrs. Willis expected to personally receive notice of any declaration of default but he did not advise Mrs. Willis that the only notice of default and intention to sell or notice of sale of the property would be sent to her at the Lancaster address and he neglected to provide that notice would be sent to her at her own address. It was alleged that she relied upon Tendler to protect her interests and received no other legal advice. There was an allegation that the property was worth from $250,000 to $450,000.

A second cause of action incorporated by reference all the foregoing allegations of the first cause of action but alleged nothing further except that by reason of the allegations of facts the trustee's sale was void.

It was alleged in a third cause of action that by reason of the facts alleged in the first cause of action Mrs. Willis and Mrs. Rogers had been damaged in the sum of $250,000, for which recovery was sought.

In a fourth cause of action it was alleged that the Tendlers encouraged the expenditures of large sums of money on the property for which they have received benefit and they caused Mrs. Willis and Mrs. Rogers to believe that they would not expect strict performance of the obligations under the trust deed; Tendler should have notified Mrs. Willis and Mrs. Rogers of the declaration of default and proposed sale and did not do so; the Tendlers should be held estopped from declaring a default and causing a sale of the property.

---

[1]Although the complaint did not allege that Monolith had obtained a judgment against Mrs. Willis that fact was disclosed in pretrial proceedings.

The fifth cause of action sought a declaration that Monolith would not be held liable for costs or charges of Realty Title Company and in a sixth cause of action the complaint sought declaratory relief.

Answers to the amended complaint were filed by Realty Title Company and by Tendler and wife. The case came on for trial April 21, 1960, at which time a discussion took place between the court and counsel which is reported in 107 pages of the reporter's transcript. Mrs. Willis was represented by attorney Laster. As a result of the conference the case went off calendar so that plaintiffs could amend their complaint and defendants could plead to the same. Further proceedings were had in another department of the court. After numerous continuances the case again came on for trial July 25, 1960, and was ordered off calendar.

February 10, 1961, Margaret M. Willis filed with the clerk a request for entry of dismissal (partial) with prejudice as to all causes of action against all defendants. On the same day Mr. Wheeler and Mrs. Rogers filed similar requests for dismissal, and pursuant to these requests the action was recorded as dismissed as to those parties.

February 17, 1961, the Tendlers gave notice of a motion for dismissal of the action as to Monolith upon the ground that no cause of action of the amended complaint stated facts sufficient to constitute a cause of action. March 6, 1961, Monolith gave notice of motion to be made March 14, to vacate the dismissal by Margaret M. Willis upon the ground that Monolith was the real party in interest and Mrs. Willis merely a nominal party. The noticed motion was also for allowance of a lien on the property in favor of Monolith pursuant to section 688.1, Code of Civil Procedure[2] and for permission to amend its complaint to name Mrs. Willis as a defendant. March 7, the Tendlers' motion to dismiss the action was

[2] 'Upon motion of a judgment creditor of a plaintiff or plaintiffs in an action or special proceeding made in court in which the action or proceeding is pending upon written notice to all parties, the court or judge thereof may, in his discretion, order that the judgment creditor be granted a lien upon the cause of action and upon any judgment subsequently procured in such action or proceeding, and, during the pendency of such action, may permit said judgment creditor to intervene therein. Such judgment creditor shall have a lien to the extent of his judgment upon all moneys recovered by his judgment debtor in such action or proceeding and no compromise, settlement or satisfaction shall be entered into by or on behalf of said debtor without the consent of said judgment creditor, unless his lien is sooner satisfied or discharged. The clerk or judge of the court shall endorse upon the judgment recov-

granted and written judgment of dismissal was filed March 10. March 14, Monolith's motion was denied.

The appeal is from ". . . the minute order made and entered in this action on March 7, 1961 dismissing plaintiff's amended complaint, and the judgment entered March 16, 1961, denying plaintiff's motion to vacate the minute order of March 7, 1961."

It is manifest that it would be without profit to pass upon the contentions of Monolith that the complaint stated a cause of action in favor of Mrs. Willis and Mrs. Rogers for annulment of the trustee's sale unless we had first reached the conclusion that Monolith had the right to require Mrs. Willis to prosecute the action to judgment and for that purpose had the right to have her dismissal vacated so as to reinstate her as a plaintiff in the action. We have reached the conclusion that the action was properly dismissed as to Monolith by the order of March 7 and by Mrs. Willis (as to herself) by her request filed with the clerk, and that the motion of Monolith to vacate the dismissal by Mrs. Willis was ill-founded and was properly denied.

We consider first Monolith's contention, stated as one of the grounds of opposition to Tendlers' motion to dismiss, and of its own motion to vacate the Willis' dismissal, that as a judgment creditor it was the real party in interest in the action to vacate the trustee's sale and that Mrs. Willis was a mere nominal party plaintiff. We find no authority for this proposition.

Monolith advances various arguments in support of its contention that it became the real party in interest by virtue of its status as a judgment creditor. It makes the statement "It is settled that a cause of action is assignable, except where the wrong complained of is purely personal, such as wrongs to person, reputation or feelings of the injured party. [Citation.] Thus, a claim for damages for fraud to property is assignable when assigned together with the assignor's interest in the property. [Citations.] So, analogously, is a cause of action for mistake."

 The rule has no application to the transactions in question. By its attachment or its judgment Monolith ac-

---

ered in such action or proceeding a statement of the existence of the lien, the date of the entry of the order creating the lien, and the place where entered, and any abstract issued upon the judgment shall contain, in addition to the matters set forth in Section 674 of the Code of Civil Procedure, a statement of the lien in favor of such judgment creditor."

quired no interest in the title of Mrs. Willis, but only a lien upon the real property. Section 2888 of the Civil Code provides: "Notwithstanding an agreement to the contrary, a lien, or a contract for a lien, transfers no title to the property subject to the lien." Erroneously assuming that the levy of an attachment creates not only a lien but amounts to a transfer of the title of the debtor to the attaching creditor, plaintiff cites section 385, Code of Civil Procedure, to the effect that upon such a transfer the action may be continued in the name of the original party or in the name of the transferee. Upon the same assumption authority is cited for the proposition previously stated that certain causes of action relating to property may pass to one who acquires the property. A review of these cases would serve no useful purpose for the reason that under settled principles Monolith by its attachment or judgment did not acquire all or any part of the title of Mrs. Willis and had no standing whatever to maintain an action attacking the validity of the trustee's sale.

Monolith does not contend that it had a right to be notified of the default of Mrs. Willis and the proposed sale of the property. There was no agreement that it would receive notice, and although it could have required that it be given notice by exercising the right provided by section 2924b of the Civil Code, it did not record a request for notice until January 23, 1959, more than a month after the sale had taken place.

 Our conclusions upon this phase of the case are (1) the complaint stated no cause of action in favor of Monolith, (2) that it is immaterial whether the complaint stated a cause of action in favor of Mrs. Willis and Mrs. Rogers for cancellation of the sale, and (3) that as the issues were framed by the pleadings at the time Mrs. Willis dismissed, she was effectively removed as a party plaintiff.

There is left for decision the contention of Monolith that error was committed in the denial of its motion to vacate Mrs. Willis' dismissal, to allow Monolith a lien upon any judgment rendered in favor of Mrs. Willis and to permit an amendment of the complaint to name Mrs. Willis as a defendant.

It will be noticed that no appeal was taken from the denial of the motion of Monolith on March 14th. Monolith says it was not an appealable order for the reason that after the action had been dismissed by the order of March 7th the court had no power to grant the motion. Therefore, it is contended that

when Monolith's complaint was dismissed the order amounted to a denial of the motion. Without approval or disapproval of this line of reasoning we shall consider whether the motion had merit.

Monolith contends that by reason of the facts it had already pleaded, it possessed the rights of a lienholder, and that the court with knowledge of its pending motion should not have granted defendants' motion to dismiss. We find no merit in this contention.

If it be assumed that at the time of the dismissal of Monolith's complaint the court was aware of Monolith's intention to move for vacation of the Willis dismissal the court was also aware of the following facts; in its amended complaint Monolith had not alleged that it had reduced its claim to judgment, nor sought a lien upon any recovery by Mrs. Willis; in a former hearing before another judge, Monolith's original complaint had been dissected and scrutinized in a discussion which occupies 107 pages of reporter's transcript, all relating to possible amendment of the complaint, and yet no mention was made of a claim of lien under section 688.1, Code of Civil Procedure; in its opposition to defendants' motion to dismiss, Monolith stood upon its claim of a right to sue for annulment of the trustee's sale as the real party in interest and asserted no claim to a lien. The most that the court could have known of Monolith's intention was that it proposed to abandon its position of plaintiff, require the continued prosecution of the action by Mrs. Willis and permit it to enter the case as an intervener and assert a lien upon any recovery by Mrs. Willis. And we think it would have been unclear to the court, as it is unclear to us, how Monolith could hope to establish a right to be paid off out of a possible judgment in the action vacating the trustee's sale.

It is true that in an action for the recovery of money by a judgment debtor his creditor may be permitted to intervene and establish a lien upon the recovery and that Mrs. Willis and Mrs. Rogers had sought a recovery of damages; but they had abandoned and dismissed that cause of action with the others. Monolith has advanced no theory under which it would have a right to be paid off out of a judgment which merely invalidated the trustee's sale. Neither has it been suggested that even if Monolith had had a lien on a money recovery, Mrs. Willis could not have dismissed her cause of action for damages without paying Monolith's debt, if she acted in good faith and not as the result of a compromise or settlement of

her claim. We hold that if the judgment of dismissal amounted to a denial of Monolith's proposed motion, no error was committed.

In the sixth cause of action all the allegations of the first cause of action were incorporated by reference and it was alleged that by reason of the same a controversy exists between the parties hereto with respect to their rights and duties and particularly with respect to the respective rights of the parties plaintiff to bid on the property at any new sale ordered by the court. Thus it affirmatively appears that the only controversy between Monolith and the Tendlers consists of the former's claim that it has a right to sue for annulment of the trustee's sale and the latters' claim that no such right exists. The sixth cause of action stated no additional facts as a basis for equitable relief.

▮▮▮ When all the facts are pleaded in one cause of action and they are found insufficient to entitle the plaintiff to any relief whatever, the insufficiency of the complaint cannot be cured by the addition of a cause of action, based upon the same facts, and seeking a declaratory judgment. (*Bennett* v. *Hibernia Bank*, 47 Cal.2d 540 [305 P.2d 20]; *International etc. Teamsters* v. *Bekins etc. Co.*, 135 Cal.App.2d 692 [288 P.2d 181]; *Gillies* v. *La Mesa etc. Irr. Dist.*, 54 Cal.App.2d 756 [129 P.2d 941]; *Jackson* v. *Lacy*, 37 Cal.App.2d 551 [100 P.2d 313]; *Merkley* v. *Merkley*, 12 Cal.2d 543 [86 P.2d 89]; *Dynamic Industries Co.* v. *City of Long Beach*, 159 Cal. App.2d 294 [323 P.2d 768].)

The judgment and the order appealed from are affirmed.

Ford, J., and Files, J., concurred.