[Civ. No. 7335.    Fourth Dist.    June 30, 1964.]

STANLEY F. WHEELER et al., Plaintiffs and Respondents, v. KENNETH TREFFTZS, Defendant and Appellant.

Hal L. Coskey and Max Goldenberg for Defendant and Appellant.

Shacknove & Goldman and Philip J. Shacknove for Plaintiffs and Respondents.

GRIFFIN, P. J.—Plaintiffs-respondents Stanley F. Wheeler and wife Francine E. Wheeler brought this action against defendants Howard V. Smith, et al, and defendant-appellant Kenneth Trefftzs for damages for fraud, declaratory relief and cancellation of a grant deed and to quiet title. They allege that they were the owners, as joint tenants, of 240 acres in Barstow; that they were acquainted with defendant Smith, a broker, prior to 1957; that about March 5, 1957, Smith came to their ranch and fraudulently represented that he would purchase a one-half interest in their ranch and would assist in refinancing them to save their entire ranch; that accordingly, after considerable negotiations, and by his fraud, there was deeded to him said undivided one-half interest; that Smith never paid them the amount agreed upon; that Smith recorded the deed on December 8, 1958; that on October 14, 1959, they discovered that Smith had added an additional undivided one-half interest in 40 acres belonging to them in the deed; that Smith conspired with other defendants to have plaintiffs sign a trust deed for $12,000 on the whole 280 acres valued at $150,000. Cancellation of the grant deed, deed of trust and damages are claimed.

Defendant-appellant Trefftzs, sued as Doe One therein, answered and denied each allegation; alleged the execution of the deed by plaintiffs to Smith and wife and that on August 4, 1959, defendant Trefftzs recorded an abstract of judgment against Smith in San Bernardino County for the sum of $48,632.33 and that it remained a senior lien against said Smith's interest in said property, and he asked for a declaration of his rights in said undivided one-half interest therein.

On August 28, 1962, the Wheelers and the Smiths entered into a stipulation rescinding the agreement in respect to the transaction involving the grant deed of the undivided one-half interest, admitting in detail that the transaction was fraudulent on behalf of the Smiths and cancelling the grant deed obtained on July 22, 1957, and recorded on December 8, 1958. The court denied any judgment for defendants Smith. Judgment was entered accordingly. Notice of entry of such judgment was given to defendant Trefftzs.

On December 28, 1962, after hearing on the issues presented by defendant Trefftzs, the court found generally in favor of plaintiffs; that the stipulated judgment entered on August 31, 1962, expressly decreed that the grant deed dated July

22, 1957, and recorded on December 8, 1958, was procured by fraud and that it was "rescinded, cancelled, annulled and held for naught"; that neither the Smiths nor any person claiming under them had any interest in plaintiffs' property at any time and particularly that defendant Trefftzs acquired no interest in it by virtue of recording his abstract of judgment against Smith on August 4, 1959; that plaintiffs were the owners of said property in fee; and that defendant Trefftzs acquired no title or interest therein. A decree was entered accordingly. Defendant Trefftzs appeals from said decree.

The principal question here involved is the effect of the stipulation and judgment entered pursuant thereto on August 31, 1962, as against the lien, if any, acquired by defendant Trefftzs and whether Trefftzs has any interest in the property. Plaintiffs rely heavily upon *Parsons* v. *Robinson,* 206 Cal. 378 [274 P. 528], as supporting their contentions.

Objection is made in regard to alleged failure of the court to make sufficient and proper findings and it is claimed that the evidence does not support the findings made and that the prior judgment between plaintiffs and defendant Smith is not binding against defendant Trefftzs. (Citing *Bernhard* v. *Bank of America,* 19 Cal.2d 807 [122 P.2d 892]; *Morrow* v. *Morrow,* 201 Cal.App.2d 235 [20 Cal.Rptr. 338]; *Thompson* v. *Moore,* 8 Cal.2d 367 [65 P.2d 800, 109 A.L.R. 1027]; *Holman* v. *Toten,* 54 Cal.App.2d 309 [128 P.2d 808].)

It is apparent that the findings of fact were made according to the issues agreed upon by plaintiffs and defendant Trefftzs on November 15, 1962, prior to trial, in their joint pretrial order signed by them. Therein it was stated that the only issues to be litigated between them were the nature and extent of the lien, if any, acquired by defendant by recording his abstract of judgment against Smith, and the effect of the stipulation and judgment pursuant thereto entered August 31, 1962, as against the lien, if any, acquired by defendant Trefftzs and the question of his present interest in the property of plaintiffs. The findings fully cover these issues. Any additional findings defendant may have desired were thereby waived. (*People* ex rel. *Dept. Public Works* v. *Valley Drive-In Theater Corp.,* 206 Cal.App.2d 309 [23 Cal. Rptr. 626]; *City of Los Angeles* v. *County of Mono,* 51 Cal. 2d 843, 847 [337 P.2d 465]; *Chamberlain* v. *Abeles,* 88 Cal. App.2d 291, 300 [198 P.2d 927]; *Petersen* v. *Murphy,* 59

Cal.App.2d 528, 533 [139 P.2d 49]; *Metcalf* v. *Hecker*, 127 Cal.App.2d 634, 638 [274 P.2d 188].)

■ It has been repeatedly reiterated by the appellate courts of this jurisdiction that a stipulation or consent judgment as to matters in issue is as conclusive as one entered upon contest and trial. (*Moore* v. *Schneider*, 196 Cal. 380 [238 P. 81]; *Yarus* v. *Yarus*, 178 Cal.App.2d 190 [3 Cal. Rptr. 50].)

■ It is the law in California that the lien of a judgment does not attach to a naked title, but only to the judgment debtor's interest in the real estate, and if he has no interest, though possessing the naked title, then no lien attaches and a court of equity will permit the real owner to show that the apparent ownership of another is not real. (*Iknoian* v. *Winter*, 94 Cal.App. 223 [270 P. 999].) See also *Parsons* v. *Robinson, supra,* 206 Cal. 378, 385. In *Moore* v. *Pitts*, 53 N. Y. 85, cited in *Parsons* v. *Robinson, supra,* 206 Cal. 378, 388, it was said that: " . . . where a lien was sought to be enforced against one Hall, says: 'It is obvious that the lien of Gilman's judgment could only attach to such estate as Hall had in the premises. If that estate was subject to be divested by the breach of any condition subsequent, any such breach that would divest the estate would of necessity destroy the lien.' " (Citing cases. See also *Walker* v. *Doak*, 210 Cal. 30, 35 [290 P. 290].) ■ It has also been held that where a creditor acts by judicial process to attach the property of his debtor to satisfy the debt, he acquires only the interest which the debtor actually possesses. Such an attaching creditor is in the position of a purchaser with notice and it has been held that his claim is subject to any infirmities which existed in the title of his debtor. (*Kinnison* v. *Guaranty Liquidating Corp.,* 18 Cal.2d 256, 263 [115 P.2d 450].) In *McGee* v. *Allen,* 7 Cal.2d 468, 473 [60 P.2d 1026], the rule is carried one step further, and it is said: "Latent equities against the debtor, such as arise upon a resulting trust, may be asserted against his attachment or judgment creditor, who as to such equities does not have the status of a *bona fide* purchaser." (Citing cases. See also *Monolith Portland Cement Co.* v. *Tendler,* 206 Cal.App.2d 800 [24 Cal.Rptr. 38], and Civ. Code, § 2888.)

The evidence in the instant case shows that plaintiffs never intended the additional 40 acres to be included within the terms of the grant deed. It was further shown and admitted by Smith that all the property and the deed were obtained by

false and fraudulent representations and the judgment of the trial court was that the grant deed conveying a one-half interest in the property to Smith was "rescinded, cancelled, annulled and held for naught." It would therefore appear that Smith obtained no title or right of ownership by virtue of this deed. The lienholder, therefore, acquired no superior or greater right than Smith had. The lien therefore failed. (*Spear* v. *Farwell*, 5 Cal.App.2d 111 [42 P.2d 391].)

Judgment affirmed.

Coughlin, J., and Brown (Gerald), J., concurred.

A petition for a rehearing was denied July 20, 1964, and appellant's petition for a hearing by the Supreme Court was denied August 27, 1964.