[Civ. No. 35469. First Dist., Div. Four. Feb. 10, 1975.]

HARRY BLOCK et al., Plaintiffs and Appellants, v.
GEORGE TOBIN et al., Defendants and Respondents.

**218**

■■■■■■■■■

COUNSEL

Maynard, Rippen, Hom & Ono and Eugene Rippen for Plaintiffs and Appellants.

Bernard J. Vogel, Jr., and Frank C. Burriesci for Defendants and Respondents.

OPINION

CHRISTIAN, J.—Harry Block, Dale Hutchins and Jerome A. Kolkin, prospective bidders at a trustee's sale under a deed of trust, sued the beneficiary, and those who conducted the sale, for damages for deceit and the holding of a mock auction. The appeal is from a judgment of dismissal which was entered after defendants' demurrer to plaintiffs' complaint was sustained.

■■■  The allegations of the complaint may be summarized as follows. Respondents published notice that the property subject to the deed of trust would be sold at public auction to satisfy the secured obligation. Respondent Transamerica was the trustee for the benefit of respondent Anthony Cocciardi, an assignee of the original beneficiary. The advertisement was issued by respondent Roxanne Friesen, a foreclosure officer of Transamerica. It was alleged that respondents had no real intention to sell the property at auction; on the contrary, they planned to arrange matters so that Cocciardi could bid the property in without competition. While the sale had originally been scheduled for December 7, 1972, respondents made repeated postponements to frustrate competitive bidding. The auction was eventually rescheduled for January 12, 1973. At the time and place of the auction, however, George Tobin was secretly substituted as trustee. Tobin then secretly sold the property to Cocciardi for $26,700, whereas the fair market value of the property was $36,000. Believing that a real auction would be held, appellants had expended time and effort in preparing to bid.

Appellants claimed damages in the sum of $9,300 for their loss of opportunity to purchase the property at the sale. In addition, they prayed for judgment in the amount of $600 each to compensate for loss of time and effort, and $50,000 each in punitive damages.

■■■■■■

Appellants first contend that the complaint stated a cause of action for deceit under Civil Code sections 1709-1711. Actionable deceit allegedly occurred when they were induced to prepare for and appear at a public auction which the trustee secretly intended to avoid. ■ Actionable deceit occurs if a material and knowingly false representation, made with intent to induce action, causes reasonable and detrimental reliance. (Civ. Code, §§ 1709-1711; *Hobart* v. *Hobart Estate Co.* (1945) 26 Cal.2d 412, 422 [159 P.2d 958]; *Harazim* v. *Lynam* (1968) 267 Cal.App.2d 127, 130 [72 Cal.Rptr. 670].) It is not a defense that a false statement was made pursuant to some statutory scheme such as the statutory procedure for a trustee's sale. (See *Macdonald* v. *de Fremery* (1914) 168 Cal. 189, 202 [142 P. 73].)

■ Appellants have alleged that respondents knowingly made, or caused to be made, a false statement with knowledge of its falsity. The misrepresentation consists of respondents' notice indicating that a public auction was intended when, in fact, the property was to be sold secretly. A defendant who deceives the public by advertisements which are intended to induce reliance may be liable to any individual who reasonably relies on the misrepresentation. (See Civ. Code, § 1711; *Cohen* v. *Citizens Nat. Trust etc. Bank* (1956) 143 Cal.App.2d 480, 486 [300 P.2d 14] [dictum]; cf. *Wennerholm* v. *Stanford Univ. Sch. of Med.* (1942) 20 Cal.2d 713, 716 [128 P.2d 522, 141 A.L.R. 1358].) ■ Appellants alleged: "it was foreseeable that persons such as plaintiffs might suffer damage in the loss of advantages relative to purchasing of the subject real estate and might suffer damage by reason of the time, effort, and investigation expended in attempts and preparation to attempt to purchase said real estate if in fact defendants were to breach the duty to conduct the public auction." That language sufficiently alleges respondents' awareness that persons such as appellants might act in reliance on the notice of public auction. Respondents argue that they could not have formed an intention to defraud purchasers at the sale if, as alleged, they had never really intended to sell the property at public auction. But the alleged deceit was the fraudulent announcement of the public auction, not the making of false statements to induce the purchase of the property.

■ Appellants alleged that they had reasonably relied on the misrepresentation, and that they had expended $600 in preparing their bid. Damages are not recoverable if the fact of damage is too remote, speculative or uncertain. (*Griffith Co.* v. *San Diego Col. for Women* (1955) 45 Cal.2d 501, 516 [289 P.2d 476, 47 A.L.R.2d 1349]; *Agnew* v.

*Parks* (1959) 172 Cal.App.2d 756, 768 [343 P.2d 118].) But one may recover compensation for time and effort expended in reliance on a defendant's misrepresentation. (Civ. Code, §§ 1709, 3333; *Sutter* v. *General Petroleum Corp.* (1946) 28 Cal.2d 525, 534 [170 P.2d 898, 167 A.L.R. 271].) Respondents argue that such losses should not be recoverable because they were the ordinary business expenses of a bidder at a trustee's sale. That would be so in the absence of a deceitful scheme; but it cannot be seriously contended that appellants would have devoted time and energy to prepare for the sale if they had known that the announcement of a public sale was spurious.

Appellants also seek to recover the difference between the fair market value of the property, $36,000, and the price actually paid by the beneficiary, $26,700. Appellants claim that they would have realized a profit of that amount if they had been the successful purchasers at the sale. But appellants have not alleged that they would have been the successful bidders had the public auction actually been held. Anticipated profits cannot be recovered if it is uncertain whether any profit would have been derived at all. (*Continental Car-Na-Var Corp.* v. *Moseley* (1944) 24 Cal.2d 104, 113 [148 P.2d 9]; accord, *Drouet* v. *Moulton* (1966) 245 Cal.App.2d 667, 670-671 [54 Cal.Rptr. 278].)

■ Appellants have also prayed for exemplary damages. In an action for fraud or deceit, a plaintiff may be entitled to recover punitive damages in addition to actual damages. (Civ. Code, § 3294.) Such damages may appropriately be awarded to deter a wrongdoer from defrauding the public. (*Walker* v. *Sheldon* (1961) 10 N.Y.2d 401, 406 [223 N.Y.S.2d 488, 492, 179 N.E.2d 497, 499]; *Boise Dodge, Inc.* v. *Clark* (1969) 92 Idaho 902, 909 [453 P.2d 551, 558].)

■ Citing *Munger* v. *Moore* (1970) 11 Cal.App.3d 1 [89 Cal.Rptr. 323], and *Monolith Portland Cement Co.* v. *Tendler* (1962) 206 Cal.App.2d 800 [24 Cal.Rptr. 38], respondents claim that appellants have no standing to maintain this action for deceit. The *Munger* case does hold that a trustee or beneficiary may be held liable in damages to the trustor or his successor in interest for conducting an illegal, fraudulent or oppressive sale. (11 Cal.App.3d at p. 7.) The decision does not preclude recovery by a bidder as well, for damages sustained as a consequence of a trustee's deceit. In *Monolith, supra,* the court held that a judgment creditor, having only a lien, had no standing to attack the validity of a trustee's sale. (206 Cal.App.2d at p. 806.) Here, appellants do not sue derivatively; they allege damages personal to themselves.

■ Respondents also argue that it would be disruptive of the statutory scheme for sales of property under a trust deed to allow appellants to attack the validity of the trustee's sale. (See Civ. Code, §§ 2924f, 2924g, 2924h.) But the validity of the sale is not in controversy; the statutory procedure is not disrupted by allowing appellants to prosecute this action.

Finally, respondents contend that the absence of references to the rights of bidders in Civil Code section 2924 et seq., suggests that a trustee owes no duty to prospective purchasers. It is true that Civil Code section 2924h defines only the obligations, not the rights, of bidders. But the silence of the statute cannot be taken as taking away the rights which bidders would otherwise have to recover damages for deceit. (See Code Civ. Proc., § 1858.) ■ We conclude that appellants have stated a cause of action for deceit under Civil Code section 1709.

Appellants also claim that the complaint stated a cause of action in alleging respondents' violations of several statutes which may apply to sales of real estate and to the actions of auctioneers (see Pen. Code, §§ 436, 535; Civ. Code, § 2924 et seq., Bus. & Prof. Code, § 17500). It is not necessary to reach those contentions; the real basis of appellants' claims, according to their allegations, is in the cause of action for deceit. The statutes relied upon either were not directed at the situation alleged by appellants or do not apply to acts which are already actionable if deceitful. No additional recovery would be achieved if a statutory violation were proved.

■ Finally, appellants assert that they were entitled to maintain their action to enforce the trustee's fiduciary duty to the trustor. A trustee under a deed of trust owes a duty to conduct the sale fairly and openly and to secure the best possible price for the benefit of the trustor. (Civ. Code, § 2924g; *Nomellini Constr. Co.* v. *Modesto S. & L. Assn.* (1969) 275 Cal.App.2d 114, 117 [79 Cal.Rptr. 717]; *Hill* v. *Gibraltar Sav. & Loan Assn.* (1967) 254 Cal.App.2d 241, 243 [62 Cal.Rptr. 188]; *Brown* v. *Busch* (1957) 152 Cal.App.2d 200, 204 [313 P.2d 19]; *Kleckner* v. *Bank of America* (1950) 97 Cal.App.2d 30, 33 [217 P.2d 28].) But Code of Civil Procedure section 367 requires every action to be brought in the name of the real party in interest. As parties who were neither assignees nor successor in interest of the trustor, appellants had no standing to assert his rights against the respondents. (*Monolith Portland Cement Co.* v. *Tendler, supra,* 206 Cal.App.2d at p. 806; see also *Humboldt etc. Society* v. *March* (1902) 136 Cal. 321, 324-325 [68 P. 968].)

Appellants' allegations of compensatory damages are therefore effective only as to $600 allegedly incurred in preparing to bid. Unless the claim for $50,000 in exemplary damages is taken into consideration, the case would be triable only in the municipal court. (Code Civ. Proc., § 89, subd. (a)(1).) But the superior court must nevertheless retain jurisdiction unless, on an appropriate showing, it strikes the allegation of punitive damages of $50,000 as not having been made in good faith; the prayer for punitive damages raises the prayer to an amount within the jurisdiction of the superior court. (*Muller* v. *Reagh* (1957) 150 Cal.App.2d 99, 102 [309 P.2d 826]; *Schwartz* v. *Cal. Claim Service* (1942) 52 Cal.App.2d 47, 56-58 [125 P.2d 883].)

The judgment is reversed as to the cause of action for deceit, and affirmed as to the other causes of action.

Caldecott, P. J., and Emerson, J.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.